## SUPREME COURT.

### Thomas Van Buskirk agt. Marshall O. Roberts.

A defence consisting of matter in *abatement* only, cannot be set up in an answer containing matters in *bar* of the action. (*The case of Gardiner* agt. *Clark,* 6 *How. Pr. R.* 449, *fully concurred in; to the same effect see King* agt. *Vanderbilt,* 7 *id.* 322; *Zabriskie* agt. *Smith,* 3 *Kern.* 322. *Adverse, see Sweet* agt. *Tuttle,* 10 *How. Pr. R.* 40; *Mayhew* agt. *Robinson, id.* 162; *Bridge* agt. *Payson,* 5 *Sand.* 210.)

The provision of the Code abolishing the *forms* of pleading, does not disturb the common-law rule as to the *order* of introducing matters of defence.

Now, matter in *abatement* is not a defence *to the action.* It would be a perversion of language to call it such. There is no propriety in calling matter, which is only in abatement of the action, an answer to the *cause of action.* The well recognized distinction has always been between matters in abatement and matters in bar, or defence of the action.

*Cayuga Special Term and Circuit, January,* 1857.

The complaint is upon an alleged contract between the plaintiff and defendant, by which the defendant, being a common carrier of passengers for hire from the city of New-York, *via* Chagres, to San Francisco in California, agreed with the plaintiff to transport him and his two hired men from New-York to San Francisco for the sum of $200 each—$600 for the three, which was paid by the plaintiff to the defendant in advance; whereupon the defendant agreed to carry the plaintiff and his

said two hired men from New-York to Chagres by the steamer Ohio, and from Panama to San Francisco by the steamer Republic.

The complaint alleges that in pursuance of such agreement, the plaintiff and his said two hired men embarked by defendant's direction on board the Ohio, and on arriving at Havana were transferred to the steamer Falcon, upon which they were conveyed to Chagres. That on arriving at Panama, the defendant wholly neglected and refused to furnish and provide, by said steamer Republic or otherwise, a passage for plaintiff and his men to San Francisco, &c.; and stating various items of damage in consequence of the defendant's breach of his contract.

The answer of the defendant sets up two defences. The first is to the merits of the action, and the second is in the following words:—

"And for a further and separate defence to this action, this defendant says that, at the several times in which the agreements in said complaint set forth are therein alleged to have been made, George Law and Bowes R. M'Ilvaine were owners jointly with this defendant of the steamship 'Ohio,' in said complaint mentioned, and the said George Law, Robert L. M'Intosh and Francis Morris were owners of the steamship 'Republic,' in said complaint mentioned; and that the agreements and undertakings in the said complaint set forth, if any such there were, were made by this defendant, jointly with the said George Law, Bowes R. M'Ilvaine, Robert L. M'Intosh and Francis Morris, (all of whom are still living,) and not otherwise. Wherefore, this defendant claims and objects that the said George Law, Bowes R. M'Ilvaine, Robert L. M'Intosh and Francis Morris are necessary parties defendants to this action, and that there is a defect of parties defendants herein, in this, that the four last-named persons are not made parties to this action:—wherefore this defendant demands that the said complaint be dismissed, with costs."

A motion is now made to have this second defence stricken out, upon the ground, among others, that it contains only mat-

ter in abatement of the action, which is waived by putting in an answer to the action upon the merits.

J. C. SMITH, *for plaintiff.*
LE ROY MORGAN, *for defendant.*

WELLES, Justice.   After a careful consideration of the question, whether a defence consisting of matter in abatement only, and which is not a bar to the action, can be set up in an answer containing matters in bar of the action, my own judgment is convinced that it cannot be done.   I have been brought to this conclusion principally by the reasons contained in the opinion of Mr. Justice ALLEN, in *Gardiner and others* agt. *Clark.* (6 *How. Pr. R.* 449.)

The same opinion is expressed by Justice JOHNSON, in *King* agt. *Vanderbilt,* (7 *id.* 385,) where *Gardiner* agt. *Clark* is cited with approbation.   And, in *Zabriskie and others* agt. *Smith,* (3 *Kern. R.* 322,) Judge DENIO, who delivered the prevailing opinion of the court of appeals, approves of the reasoning of Judge ALLEN in *Gardiner* agt. *Clark.*

Opposed to these authorities are two cases decided by the general term in the eighth district,—(*Sweet* agt. *Tuttle,* 10 *How. Pr. R.* 40, *and Mayhew* agt. *Robinson, id.* 162,) and one case decided by the superior court of the city of New-York, at general term. (*Bridge* agt. *Payson,* 5 *Sandf. Sup. C. R.* 210.)

Upon authority, the question stands so nearly balanced that, in the decision of the present motion, I feel at liberty to follow my own decided convictions.

It is agreed in all the books that, before the enactment of the Code of Procedure, a plea in bar was a waiver of all defences in abatement of the action, and that they could not be interposed together.

It is equally well settled that, in an action upon a contract, the objection that there were other persons jointly liable with the defendant who were not sued, could only be taken by plea in abatement.

These are propositions too well settled to require the cita-

tion of authorities. That the Code has not abrogated these rules, is shown by Justice ALLEN, as I think, unanswerably, in the case of *Gardiner* agt. *Clark,* above cited.

It is not claimed, in any of the cases where the contrary is held, that the Code contains any such express abrogation. In *Sweet* agt. *Tuttle, supra,* GREEN, Justice, asks the question, whether the Code has changed this rule of pleading? He proceeds to say, that no special provision has been made in the Code for the case, and that the answer to the question must be deduced from a comparison of the various provisions of the Code on the subject of pleading. He then refers to § 140, which abolishes the forms of pleading, &c., and provides that the forms of pleading, and the rules by which their sufficiency is to be determined, shall be those provided by that act. To § 167, which relates to the complaint: to § 150, which allows the defendant to set forth as many defences and counter-claims as he may have, &c.: to § 144, providing that the defendant may demur to the complaint, when it shall appear upon the face thereof, among other things, " that there is a defect of parties, either plaintiff or defendant:" to § 147, providing that when any of the matters enumerated in § 144 do not appear upon the face of the complaint, the objection may be taken by answer: and to § 148, which provides that if no such objection be taken, either by demurrer or answer, the defendant should be deemed to have waived the same.

From the provisions contained in these sections, particularly in §§ 150 and 167, the learned justice concludes there is a manifest radical difference between those provisions and the pre-existing rules of pleading in the particulars to which those sections relate.

In regard to § 140, it only relates to the *forms* of pleading, and declares that such *forms,* and the rules by which their sufficiency shall be determined, are prescribed by that act.

The present motion does not involve, in any sense, the form of the pleading which the plaintiff asks to have stricken out. On the contrary, it is simply a question of the order of pleading. Whether matter in abatement may be pleaded with mat-

Van Buskirk agt. Roberts.

ter in bar. Chapters five and six, of title six of part two of the Code, contain all the rules relating to the forms and sufficiency of any pleading: and there is not to be found among them a single provision or intimation touching the question now under consideration. Section 150, which is not in either of the chapters referred to, is very much relied upon in support of the position that every defence which the defendant may have to interpose, both in abatement and in bar, may be set up at the same time, and in the same answer. The second subdivision of that section, among other things, provides as follows:—

"The defendant may set forth, by answer, as many defences and counter-claims as he may have, whether they be such as have been heretofore denominated legal or equitable, or both. They must each be separately stated, and refer to *the causes of action which they are intended to answer*, in such manner that they may be intelligibly distinguished."

The words italicised show, unmistakably, that the defences contemplated in that part of the section, are defences to the cause or causes of action stated in the complaint, and nothing else. Now, matter in abatement is not a defence to the action. To denominate it such would be a perversion of language. The well recognized distinction has always been between matters in abatement and matters in bar of defence to the action. There is no propriety in calling a matter which is only in abatement of the action, an answer to the cause of action.

The Revised Statutes, allowing double pleading, was quite as liberal as the Code in this respect. (2 *R. S.* 352, § 9, *1st ed.*) The section of the Revised Statutes referred to is as follows:—

"The defendant in any action may plead as many several matters as he shall think necessary for his defence, subject to the power of the court to compel him to elect by which plea he will abide, in case where he may plead inconsistent pleas."

This language is quite as comprehensive as that employed in the foregoing 150th section of the Code; and yet it would never have been thought of under the Revised Statutes, if a defendant had interposed a plea in abatement with a plea in bar of the action, to move the court to compel him to elect

Van Buskirk agt. Roberts.

between them, but the plaintiff would have treated the plea in abatement as a nullity; or, if an application to the court would have been deemed necessary, in order to rid the record of the former plea, the court would have stricken it out, on motion.

I have not met with a case where such a motion has been made; and if none is to be found, it is probably for the reason that the rule that, by pleading in bar, all matters in abatement were waived, was so well understood, that no counsel has had the temerity to intrude such a plea upon a plaintiff with a plea in bar.

As strict a construction of the above section of the Revised Statutes as is sought to be given to the 150th section of the Code, would have entitled a defendant to interpose both kinds of pleas at the same time, which would never have been tolerated if attempted, and probably never was thought of by an intelligent practitioner.

If I am correct in the foregoing views, the provision of the Code abolishing the forms of pleading does not disturb the common-law rule as to the order of introducing matters of defence; and much of the difficulty which has arisen upon the subject has, as I think, been occasioned by confounding the expression, "form of pleading," with that of "the order of pleading."

The idea conveyed by the latter is a provision of the common law, which has not been repealed or abolished by the Code or otherwise. It is a wholesome and convenient provision, greatly tending to simplify the trial, and promote the ends of justice, and should be maintained by the courts. Without further discussion, I content myself with adopting the very able and intelligent view of the question taken by Justice ALLEN in the case of *Gardiner* agt. *Clark*.

The motion to strike out the second defence stated in the answer, must be granted. But as the question has been so unsettled, it would be wrong to charge the defendant with costs of the motion.

Since making the above decision, I have ascertained that the same question was before the general term in the 7th district, in Cayuga county, in June, 1855, in the case of *Smith* agt. *Compton,* and decided in accordance with the above views.